**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosa Salazar-Delgado, | No. CV-21-00330-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Larry Dennis Larson, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion for relief from the final judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. (Doc. 33.) For the following reasons, the motion is granted.

**BACKGROUND**

Pursuant to the Court's Case Management Order, Plaintiff was required to file and serve a Notice of Readiness for Final Pretrial Conference ("Notice") within seven days after the dispositive motions deadline if no dispositive motions were pending on that date. (Doc. 17 ¶ 14.) The dispositive motions deadline was January 25, 2022. (Doc. 25.) No dispositive motions were pending on that date, and Plaintiff thereafter failed to file the Notice.

On August 5, 2022, the Court issued an order requiring Plaintiff to "file a memorandum by August 19, 2022, not to exceed five pages, showing cause why this case should not be dismissed for failure to prosecute." (Doc. 30 at 2.) Plaintiff failed to file the required memorandum.

On October 12, 2022, the Court dismissed Plaintiff's claims without prejudice as a sanction for failing to comply with court orders and for failing to prosecute the action in good faith. (Doc. 31.) That same day, the Clerk of Court entered judgment. (Doc. 32.)

On December 29, 2022, Plaintiff filed the pending motion for relief from the judgment. (Doc. 33.)

On January 12, 2023, Defendant filed an opposition. (Doc. 34.)

On January 19, 2023, Plaintiff filed a reply. (Doc. 35.)

**DISCUSSION**

I. <u>Legal Standard</u>

Rules 60(b)(1) of the Federal Rules of Civil Procedure provides that the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . excusable neglect." The term "excusable neglect" encompasses circumstances beyond the party's control as well as "cases of negligence, carelessness and inadvertent mistake." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000). Courts assessing whether neglect is "excusable" must consider four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 365 (1993). The *Pioneer* factors apply to Rule 60(b)(1) as well as various other "excusable neglect" contexts, and although they are "not an exclusive list," they "provide a framework" for the determination. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381-82 (9th Cir. 1997). No single factor is determinative. *Id.* at 382 n.2. "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

When assessing whether a failure to act was caused by "excusable neglect," a court may not apply per se rules. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) ("We now hold that per se rules are not consistent with *Pioneer* . . . ."). There can be "no rigid

legal rule against late filings attributable to any particular type of negligence." *Id.* at 860 (affirming that a paralegal's calendaring error was "excusable negligence."). Even when the reason for the failure to act is weak, where the equities favor excusing the negligence, the court must do so. *Bateman*, 231 F.3d at 1224-25 (reason for delay was travel, jet lag, and the time it took to sort through mail).[1]

Once a district court has considered and weighed all four *Pioneer* factors, and any other factors it deems appropriate on a case-by-case basis, the court has broad discretion to grant or deny the motion. *Pincay*, 389 F.3d at 859 ("[T]he decision whether to grant or deny [relief] . . . should be entrusted to the discretion of the district court because the district court is in [the best position] to evaluate factors such as whether the lawyer had otherwise been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of representation of the lawyers . . . , and the likelihood of injustice if the [relief] was not allowed.").

II. Analysis

A. **Length Of Delay**

Plaintiff missed two deadlines: the February 1, 2022 deadline to file the Notice and the August 19, 2022 deadline to file a memorandum showing cause why the case should not be dismissed for failure to prosecute. By December 29, 2022, when Plaintiff filed the pending motion for relief from the judgment, there had been a delay of almost 11 months since the first missed deadline and a little over four months since the second missed deadline. Thus, the length of the delay is fairly significant and weighs against granting the Rule 60(b)(1) motion.

B. **Reason For The Delay**

There are essentially three discrete but overlapping periods of delay at issue: (1) the delay in filing the Notice of Readiness, which was 8.5 months overdue when judgment was

---

[1] The parties suggest that Plaintiff must demonstrate that "exceptional circumstances" exist. (Doc. 33 at 2; Doc. 34 at 2.) For this proposition, the parties rely on an out-of-circuit case discussing Rule 60(b)(6). In the Ninth Circuit, Rule 60(b)(6) is applicable only where there are "extraordinary circumstances" beyond the party's control. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006). The standard for a Rule 60(b)(1) motion is more lenient.

entered on October 12, 2022, (2) the delay in filing a show-cause memorandum, which was a little less than two months overdue when judgment was entered, and (3) the delay in filing the Rule 60(b)(1) motion, which was filed 2.5 months after judgment was entered.

Plaintiff explains that she did not initially comply with the Court's order to file the Notice due to health issues—she underwent a hysterectomy in the spring of 2022 and has had "low back pain" and insurance-related complications with scheduling surgery. (Doc. 33 at 6.) Plaintiff further explains that in the months following the dispositive motions deadline, the parties were actively attempting to agree to binding arbitration in lieu of proceeding to trial. (Doc. 33 at 4, 6.) Although it is not entirely clear why Plaintiff did not file a motion to stay the action or extend the deadline for filing the Notice while she dealt with her health issues and discussed the possibility of arbitration with Defendants, the omission appears to have been an oversight. Furthermore, although the Court takes seriously any disregard of its orders, the Court notes that, for whatever reason, the deadline to file the Notice is one that attorneys routinely overlook. Plaintiff's health issues and the parties' discussions about seeking arbitration instead of proceeding to trial reasonably excuse the delay in filing the Notice.

As for Plaintiff's disregard of the Court's order to show cause, Plaintiff asserts that her counsel "did not receive the Court's August 5, 2022 Order" and "could not locate" it anywhere in their "email database, electronic file, and hard file" (*id.*) and provides affidavits from counsel averring the same. (Docs. 33-3, 33-4, 33-5.) The Court's CM/ECF system indicates that notice of the Court's August 5, 2022 order was electronically mailed to Johnny@SorensonLaw.net, ruana@sorensonlaw.net, and Matthew@SorensonLaw.net. Plaintiff states that her counsel's firm had "some IT issues in 2022 when switching over to a new email platform and changing IT consultants (for the first and only time during the Firm's 17-year existence)" and asserts that "electronic mail systems and the computers and software they it depends on [sic] might be 99% effective, but an error every 10 to 20 years can and does happen." (Doc. 35 at 3.) The Court acknowledges that technologies fail at times and accepts the veracity of the statements made in Plaintiff's counsel's affidavits.

Thus, this failure was due to circumstances beyond Plaintiff's control.

Finally, Plaintiff delayed filing a Rule 60(b)(1) motion for 2.5 months after entry of judgment because her counsel "conducted an extended investigation involving the law firm IT consultant, email provider, and firm management as to the prior missing orders" and waited until the conclusion of this investigation to file the motion. (Doc. 33 at 3.) Although such an investigation may not have been necessary—affidavits stating that the Court's order was not received may have sufficed—it is understandable that Plaintiff's counsel would react with horror upon having judgment entered against their client due to a missed deadline and would want to find out what happened and to present that explanation to the Court.

At any rate, although reasonableness is assessed on a case-by-case basis, Rule 60(b)(1) motions brought within one year of judgment have been deemed reasonable. *Lemoge v. United States*, 587 F.3d 1188, 1196-97 (9th Cir. 2009); Fed. R. Civ. P. 60(c)(1) (Rule 60(b)(1) motions "must be made within a reasonable time . . . no more than a year after the entry of judgment").[2]

### C.     Prejudice To Defendant

Defendant states that relief from judgment would cause "unfair prejudice" to him because witnesses' memories may be stale and "evidence is no longer 'fresh.'" (Doc. 34 at 3.) Defendant further notes that he is 80 years old and "may not be able to appear at trial if this case is reinstated." (*Id.*)

In reply, Plaintiff states that "Defendant was previously deposed and testified regarding his memory of how the accident happened. Defendant's deposition testimony could be used at trial, to the extent his memory has faded." (Doc. 35 at 2.) Plaintiff further states:

> Defendant has not disclosed any material fact witnesses beyond himself. There were no independent witnesses to the accident. Defendant's paid-for IME expert will testify at trial and Defendant's case relies upon his expert's opinions. In short, this is not a case where fact witnesses' memories are "no longer fresh" due to the passage of time.

---

[2] Plaintiff notes in her reply brief that "Defendant did not present any argument on this issue, thereby conceding that Plaintiff timely sought relief." (Doc. 35 at 1.)

- 5 -

(*Id.*)

Finally, Plaintiff notes that Defendant was prepared to proceed to trial as recently as late July 2022 and argues that the Court should find a claim of "'unfair prejudice' several months later" unpersuasive.

Plaintiff has the better side of the argument here. There is little danger that evidence could have been lost or witnesses' memories could have grown stale because Defendant has already been deposed. The Court further notes that the bulk of the delay in this case was due to Plaintiff's failure to timely file a notice of readiness, yet both parties knew about that deadline and both parties were engaged in discussions about seeking arbitration instead of proceeding to trial. Furthermore, on the day that judgment entered, Plaintiff reached out to Defendant to discuss setting aside the dismissal. (Doc. 33-2 at 2.) Defendant could have stipulated to setting aside the judgment, which would have avoided further delay, but chose not to do so. The Court concludes that Defendant will not suffer unfair prejudice if judgment is set aside. *Lemoge*, 587 F.3d at 1196 ("Prejudice requires greater harm than simply that relief would delay resolution of the case.").

### D. Whether Plaintiff Acted In Good Faith

There is no indication that Plaintiff acted in bad faith. Plaintiff was working cooperatively with Defendant to work out a mutually desired arbitration in lieu of trial. Due to a technological issue, Plaintiff did not receive the court order threatening sanctions. On the day that judgment issued and Plaintiff's counsel realized a key deadline had been missed, Plaintiff reached out to Defendant and then conducted an investigation to try to discover how it could have happened. There is no indication that any delay in this case was due to dilatory or other bad-faith motives.

### E. Conclusion

Although the delay in this case is not trivial, the Court concludes that Plaintiff's failures were the result of excusable neglect. The Court will set aside the judgment.

Accordingly,

**IT IS ORDERED** that Plaintiff's Rule 60(b)(1) motion (Doc. 33) is **granted**.

1 **IT IS FURTHER ORDERED** that the judgment that issued on October 12, 2022
2 is **vacated**. The Clerk of Court shall reopen the case.
3 **IT IS FURTHER ORDERED** that the lawyers shall confer (among themselves
4 and with their respective clients and witnesses) and, by **February 16, 2023**, file a joint
5 notice indicating an estimated length of trial. In the joint notice, the parties shall also
6 propose at least three dates on which they and their witnesses will be available to begin
7 trial between August 2023 and October 2023.
8 Dated this 2nd day of February, 2023.

_____
Dominic W. Lanza
United States District Judge